**AOS**

# US DISTRICT COURT , LAS VEGAS NEVADA

| | | |
|---|---|---|
| **RUTH GLADSTEIN** | **Plaintiff** | |
| | | **CASE NO: 2:13-MS-00043** |
| **VS** | | **HEARING DATE/TIME:** 06/14/2013 at 09:00am |
| **SARANN GOLDFIELD; ET AL** | **Defendant** | **DEPT NO:** |

## AFFIDAVIT OF SERVICE

GREGORY BROWN R-013683 being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received copy(ies) of the SUBPOENA TO TESTIFY AT A DEPOSITION OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION; EXHIBIT A; $40.00, on the 6th day of June, 2013 and served the same on the 7th day of June, 2013, at 08:54 by:

serving the servee PERSON MOST KNOWLEDGEABLE AT KOLESAR & LEATHAM by personally delivering and leaving a copy at (address) 400 South Rampart Blvd. #400, LAS VEGAS NV 89145 with BART LARSEN as , an agent lawfully designated by statute to accept service of process;

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**EXECUTED this** 7 **day of** June **, 20** 13 **.**

**GREGORY BROWN R-013683**

13060605                    Copyright 2006 eWay - All Rights Reserved                    Process License #1068

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Nevada

| | | |
|---|---|---|
| RUTH GLADSTEIN | ) | |
| _Plaintiff_ | ) | |
| v. | ) | 2:13-ms-00043 |
| SARANN GOLDFIELD, ET AL. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

PERSON MOST KNOWLEDGEABLE
To:   Kolesar & Leatham
       400 South Rampart Blvd., Suite 400, Las Vegas, NV 89145

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Esquire Solutions | Date and Time: |
|---|---|
| 2300 W. Sahara Ave., Ste. 770<br>Las Vegas, NV 89102 | 06/14/2013 at 10:00 A.M. |

The deposition will be recorded by this method:    stenographic recording

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

PLEASE SEE ATTACHED COMMISSION TO TAKE OUT OF STATE DEPOSITION, MARKED AS EXHIBIT "A"

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  6/1

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_  _____
Cohen & Wolf, P.C. and Martin Wolf                                   , who issues or requests this subpoena, are:

Joseph P. Garin, Esq.                                             Telephone: (702) 382-1500
LIPSON NEILSON COLE SELTZER & GARIN, P.C.
9080 West Post Rd., Suite 100, Las Vegas, NV 89148          jgarin@lipsonneilson.com

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

ORDER   421277

DOCKET NO: FBTCV095027412S                    SUPERIOR COURT

GLADSTEIN,RUTH                                JUDICIAL DISTRICT OF FAIRFIELD
   V.                                          AT BRIDGEPORT
GOLDFIELD,SARANN Et Al
                                             6/5/2013

<u>ORDER</u>

ORDER REGARDING:
05/29/2013 220.00 MOTION FOR COMMISSION FOR DEPOSITION

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

421277
_____

Judge: BARBARA N BELLIS

NO: **FBT-CV-09-5027412-S**       :       SUPERIOR COURT

RUTH GLADSTEIN       :       JUDICIAL DISTRICT OF FAIRFIELD

VS.       :       AT BRIDGEPORT

SARANN GOLDFIELD, ET AL       :       MAY   , 2013

<u>**COMMISSION TO TAKE OUT OF STATE DEPOSITION**</u>

For good cause shown, this court hereby authorizes Joseph P. Garin, Esq. or another attorney from the firm of Lipson, Neilson, Cole, Seltzer & Garin, P.C of 9080 West Post Road, Suite 100, Las Vegas, Nevada 89148-2419 to issue a deposition subpoena duces tecum addressed to Bart K. Larsen, Esq., Kolesar & Leatham, 400 South Rampart Boulevard, Suite 400, Las Vegas, Nevada 89145 and to one or more designees of the firm of Kolesar & Leatham, 400 South Rampart Boulevard, Suite 400, Las Vegas, Nevada 89145, a Nevada corporation, as to specified topics relating to the plaintiff's 2008 Nevada bankruptcy petition, commanding each to appear for a deposition of his and its testimony in the above-referenced civil action on June 7, 2013 or any dates and times on which the taking of the deposition shall be scheduled, postponed, or continued, and to bring and produce any records, notes, memoranda, journals, calendars, photographs, correspondence, articles, and other information obtained that are not subject to existing privileges relating to the plaintiff's 2008 bankruptcy petition generally, the schedules filed in that proceeding, and their preparation, all as related to the plaintiff's anticipated motion to substitute under existing Connecticut law that sets out the issues that are relevant to such motions.

BY THE COURT

_____

Judge of the Superior Court
Dated:

{W0394271.1}

<div style="writing-mode: vertical;">

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING** • HARTFORD, CONNECTICUT 06106 • (860) 527-1141 • (860) 247-5215 fax • JURIS NO. 10872

HARTFORD SQUARE NORTH • 10 COLUMBUS BOULEVARD •

</div>

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed and e-mailed to all counsel and *pro se* parties of record on May 29, 2013 as follows:

Bradley K. Cooney, Esq.    Lawrence J. Merly, Esq.
69 Island Avenue      76 Lyon Terrace
Madison, CT  06443     Bridgeport, CT  06604
brad.cooney@comcast.net    lawrencemerly@yahoo.com

            /s/ Louis B. Blumenfeld
            Louis B. Blumenfeld

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING** • HARTFORD SQUARE NORTH • 10 COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106 • (860) 527-1141 • (860) 527-5215 fax • JURIS NO. 10872

{W0394271.1}

NO: **FBT-CV-09-5027412-S**          :        SUPERIOR COURT

RUTH GLADSTEIN             :        JUDICIAL DISTRICT OF FAIRFIELD

VS.                                   :        AT BRIDGEPORT

SARANN GOLDFIELD, ET AL      :        MAY 29, 2013

## MOTION FOR ISSUANCE OF COMMISSION TO TAKE OUT OF STATE DEPOSITION AS TO PLAINTIFF'S PROPOSED MOTION TO SUBSTITUTE PLAINTIFF

The undersigned defendants, pursuant to C.G.S. §§ 52-148a, 52-148c and § 13-28 of the Connecticut Practice Book, move the court for the issuance of a commission authorizing Joseph P. Garin, Esq. or another attorney from the firm of Lipson, Neilson, Cole, Seltzer & Garin, P.C of 9080 West Post Road, Suite 100, Las Vegas, Nevada 89148-2419 to issue a subpoena duces tecum addressed to:

         Bart K. Larsen, Esq.
         Kolesar & Leatham
         400 South Rampart Boulevard, Suite 400
         Las Vegas, Nevada 89145

and to:

         A Designee or Designees of Kolesar & Leatham, a Nevada professional
         corporation knowledgeable about the preparation of Chapter 7 bankruptcy
         petitions and schedules as of September 2008 and of the preparation of the
         bankruptcy petition and schedules of Ruth Gladstein prior to their filing
         and throughout the time it was open until March 3, 2010.

commanding each to appear for a deposition to be taken of his and its testimony for the above-referenced civil action now pending before this Court, specifically with regard to a motion to substitute plaintiff, and to produce documents of the nature set forth in the Order of Commission attached hereto, before a certified court reporter or notary public, or other person authorized under the laws of the State

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING** • HARTFORD SQUARE NORTH • 10 COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106 • (860) 527-1141 • (860) 527-5215 fax • JURIS NO. 10872

{W0394271.1}

of Nevada to administer an oath, on the dates and times indicated below or on any day or dates or times to which the taking of such deposition may be postponed or continued.

The plaintiff in this matter has asserted that she will move to substitute the trustee in bankruptcy as the plaintiff in this action and the Court has scheduled a hearing on that motion, although it is not yet filed, for June 18, 2013.  Attorney Larsen and, on information and belief, other employees of the law firm of Kolesar & Leatham represented the plaintiff in the bankruptcy action when it was filed in 2008 and throughout the time that the action was pending prior to it being closed and the trustee discharged on March 3, 2010.  At issue in this court will be the content and filing of the schedules during the bankruptcy proceeding that was filed in 2008.  Attorney Larsen and, on information and belief, others in Kolesar & Leatham have information relevant to the content and the filing of the schedules listing assets and liabilities that will be at issue and information that only they can provide.  The questioning is not intended to invade protected attorney-client communications.

**WHEREFORE**, this Motion for Commission should be granted.

<div align="right">

**DEFENDANTS**
**Cohen & Wolf, P.C. and Martin Wolf**

By  /s/ Louis B. Blumenfeld, Juris #004942
      Louis B. Blumenfeld
      Cooney, Scully and Dowling
      Hartford Square North
      10 Columbus Boulevard
      Hartford, Connecticut 06106
      860-527-1141/Juris No. 10872

</div>

LAW OFFICES • COONEY, SCULLY AND DOWLING
HARTFORD SQUARE NORTH • 10 COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106 • (860) 527-1141 • (860) 247-5215 fax • JURIS NO. 10872

{W0394271.1}